UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHEN SHARUM, )<br> )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>SUPERIOR BOILER WORKS, INC., )<br>MG SALES, INC, )<br>HUNT CONSTRUCTION GROUP, INC., )<br>BSA LIFESTRUCTURES, INC., )<br>HSB GLOBAL STANDARDS, )<br> )<br>    Defendants. ) | No. 2:20-cv-00276-JPH-MJD |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

Plaintiff, Stephen Sharum, alleges that Defendants are liable for injuries he sustained when he fell at work. Dkt. 56. The clerk has entered default against Defendant MG Sales, Inc. "for failure to plead or otherwise defend this action." Dkt. 69. Mr. Sharum has moved for default judgment. Dkt. [58]. Because Mr. Sharum has not shown that default judgment is appropriate at this time, that motion is **DENIED**.

Under Rule 55(b) of the Federal Rules of Civil Procedure, a court may enter default judgment following a clerk's entry of default. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). To be entitled to default judgment, "the plaintiff still must establish his entitlement to the relief he seeks." *Id.* Indeed, "if an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those

1

proceedings must be conducted before the judgment is entered." *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339–40 (7th Cir. 2004) (citing Fed. R. Civ. P. 55(b)(2)).

Here, Mr. Sharum requests a default judgment for damages "in an amount to be determined." Dkt. 58 at 2. He has not identified an amount that "is liquidated or capable of ascertainment from definite figures," or requested an evidentiary hearing to prove damages. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). He also has not addressed whether a partial final judgment is appropriate, *see* Fed. R. Civ. P. 54(b), or whether default judgment at this time could result in inconsistent judgments, *see State Farm Mut. Auto. Ins. Co. v. Jackson,* 736 F.Supp. 958, 961 (S.D. Ind. 1990) (citing *Marshall & Ilsley Trust Co. v. Pate,* 819 F.2d 806 (7th Cir. 1987)). The motion for default judgment is therefore **DENIED without prejudice**. Dkt. [58].

**SO ORDERED.**

Date: 1/22/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Joseph Beutel
EPSTEIN COHEN SEIF & PORTER
joe@beutellaw.com

John W. Borkowski
HUSCH BLACKWELL LLP
john.borkowski@huschblackwell.com

Jennifer L. Dlugosz
HUSCH BLACKWELL LLP
jen.dlugosz@huschblackwell.com

Robert David Epstein
EPSTEIN COHEN SEIF & PORTER
rdepstein@aol.com

Jeffrey B. Fecht
RILEY BENNETT EGLOFF LLP
jfecht@rbelaw.com

Edward W. Gleason
SENAK KEEGAN GLEASON & SMITH , LTD.
egleason@skgsmlaw.com

Timothy P. Larkin
HUSCH BLACKWELL LLP
tim.larkin@huschblackwell.com

Tyler Scott Lemen
DREWRY SIMMONS VORNEHM, LLP (Carmel)
tlemen@dsvlaw.com

Joseph M. Leone
DREWRY SIMMONS VORNEHM, LLP (Carmel)
jleone@DSVlaw.com

James Alexander Tanford
EPSTEIN COHEN SEIF & PORTER
tanfordlegal@gmail.com