UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STEPHEN SHARUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00276-JPH-MJD |
| | ) |
| SUPERIOR BOILER WORKS, INC., | ) |
| MG SALES, INC, | ) |
| HUNT CONSTRUCTION GROUP, INC., | ) |
| BSA LIFESTRUCTURES, INC., | ) |
| HSB GLOBAL STANDARDS, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE DEFAULT AND FOR VOLUNTARY DISMISSAL OF DEFENDANT**

On September 2, 2020, Plaintiff Stephen Sharum filed an amended complaint against MG Sales, Inc., and other defendants, seeking damages for negligence and products liability. Dkt. 32. Defendant MG Sales never received a copy of that complaint and did not respond. Dkt. 69; dkt. 80. On December 1, 2020, the Clerk entered default against it. Dkt. 69. MG Sales appeared on January 27, 2021, dkt. 79, and on February 2 Mr. Sharum filed a motion to set aside the default and for voluntary dismissal of MG Sales, Inc. without prejudice. Dkt. [80].

Because Plaintiff moved to set aside the entry of default before the Court entered default final judgment, the Court evaluates Plaintiff's motion under Federal Rule of Civil Procedure 55(c)'s "lenient standards." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 631 (7th Cir. 2009); *see Parker v. Scheck Mech. Corp.,* 772 F.3d 502, 505 (7th Cir. 2014).

1

"A party seeking to vacate an entry of default prior to the entry of final judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco*, 559 F.3d at 630. The Seventh Circuit "has a well-established policy favoring a trial on the merits over default judgment." *Sun v. Bd. of Trustees of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007). As "a weapon of last resort, [default judgment is] appropriate only when a party willfully disregards a pending litigation." *Id.*

A defendant may show good cause through "mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, . . . or any other reason that justifies relief." *Arwa Chiropractic*, 961 F.3d at 948. Here, MG Sales did not receive the complaint against it and—once it did—"acted in a timely fashion," *Cracco*, 559 F.3d at 630–31, by promptly filing an appearance through counsel. Dkt. 79; dkt. 80. Moreover, Plaintiff has moved to dismiss MG Sales as a defendant in this case. *See Cracco*, 559 F.3d at 630–31 (requiring a "meritorious defense").

Plaintiff's motion to set aside is therefore **GRANTED.** Dkt. [80]. The Clerk's Entry of Default, dkt. [69], is **set aside** and MG Sales, Inc., is **dismissed without prejudice** under Federal Rule of Civil Procedure 41(a)(2).

**SO ORDERED.**

Date: 3/3/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

Joseph Beutel
EPSTEIN COHEN SEIF & PORTER
joe@beutellaw.com

John W. Borkowski
HUSCH BLACKWELL LLP
john.borkowski@huschblackwell.com

Jennifer L. Dlugosz
HUSCH BLACKWELL LLP
jen.dlugosz@huschblackwell.com

Robert David Epstein
EPSTEIN COHEN SEIF & PORTER
rdepstein@aol.com

Jeffrey B. Fecht
RILEY BENNETT EGLOFF LLP
jfecht@rbelaw.com

Edward W. Gleason
SENAK KEEGAN GLEASON & SMITH , LTD.
egleason@skgsmlaw.com

Timothy P. Larkin
HUSCH BLACKWELL LLP
tim.larkin@huschblackwell.com

Tyler Scott Lemen
DREWRY SIMMONS VORNEHM, LLP (Carmel)
tlemen@dsvlaw.com

Joseph M. Leone
DREWRY SIMMONS VORNEHM, LLP (Carmel)
jleone@DSVlaw.com

James Alexander Tanford
EPSTEIN COHEN SEIF & PORTER
tanfordlegal@gmail.com

James E. Zoccola
LEWIS & KAPPES PC
jzoccola@lewis-kappes.com